632 F.2d 217
 106 L.R.R.M. (BNA) 2767, 89 Lab.Cas. P 12,321
 Winifred D. MORIO, Regional Director of the Second Region of
the National Labor Relations Board, for and on
behalf of the National Labor Relations
Board, Petitioner-Appellee,
v.
The NORTH AMERICAN SOCCER LEAGUE and its constituent member
clubs, Respondent-Appellants.
 No. 418, Docket 80-6165.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 3, 1980.
Decided Oct. 6, 1980.
 
 Stephen L. Fine, New York City (Cohn, Glickstein, Lurie, Ostrin & Lubbell, New York City) (Robert F. Rolnick, Danzarsky, Dickey, Tydings, Quint & Gordon, Washington, D. C., of counsel), for respondents-appellants North American Soccer League and its Constituent Member Clubs.
 Nancy E. Watson, N.L.R.B., Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Harold J. Datz, Associate Gen. Counsel, Joseph E. Mayer, Asst. Gen. Counsel, Joseph P. Norelli, Deputy Asst. Gen. Counsel, N.L.R.B., Washington, D. C.), for petitioner-appellee N.L.R.B.
 Richard A. Berthelsen, New York City (North American Soccer League Players Ass'n, Washington, D. C.) (Sheldon Engelhard, Vladeck, Elias, Vladeck & Engelhard, P. C., New York City, of counsel), as amicus curiae.
 Before KAUFMAN and TIMBERS, Circuit Judges, NICKERSON, District Judge.*
 PER CURIAM:
 
 
 1
 We affirm on Judge Motley's thorough findings of fact and conclusions of law, 80 Civ. 4332 (S.D.N.Y. Aug. 18, 1980).
 
 
 2
 For the purpose of clarifying our holding, we note that the remedies imposed in this case-the revocation of certain unilateral changes in employment conditions and authorization for the North American Soccer League Players Association (Union) to rescind, at their option, any or all provisions of any current player contract, except for the "exclusive rights" provisions-is not without precedent. This form of relief was "just and proper", 29 U.S.C. § 160(j) (1976), and within the trial court's discretion, Kaynard v. Palby Lingerie, Inc., 625 F.2d 1047, 1051 (2d Cir. 1980). There was sufficient evidence that the North American Soccer League's (League) practices threatened "to render the N.L.R.B.'s processes 'totally ineffective' by precluding a meaningful final remedy." Kaynard v. Mego Corp., 633 F.2d 1026 at ---- (2d Cir. 1980), citing Seeler v. Trading Port, Inc., 517 F.2d 33 (2d Cir. 1975). The Union's prestige and legitimacy with its members has been severely eroded by the League's conduct during the past two years. Although the League finally approached the bargaining table in August 1980, in compliance with the Fifth Circuit's recent order to bargain in a related case,[1] this injunction frees the Union from the severe contractual restraints imposed by the allegedly unlawful actions of the League, and thereby prevents the frustration of the remedial purposes of the Act.
 
 
 3
 Aggressive remedial relief is necessary in appropriate labor cases. We have granted an injunction ordering an employer to bargain with a union that did not win an election. Seeler, supra. The Union in this case, of course, prevailed in a representation election conducted more than two years ago. And, the Board in unfair labor practices proceedings has frequently voided contracts negotiated by the employer with individual employees. J. I. Case Co. v. N. L. R. B., 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762 (1944); National Licorice Co. v. N. L. R. B., 309 U.S. 350, 60 S.Ct. 569, 84 L.Ed. 799 (1940); KXTV, 139 N.L.R.B. 93 (1962); Cascade Employers Association, 126 N.L.R.B. 1014 (1960). Unilateral changes in the conditions of employment also have been rescinded by the Board. Fibreboard Paper Prod. Corp. v. N. L. R. B., 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964).
 
 
 4
 Where, as in this case, an equity court has "reasonable cause" to believe that particularly flagrant unfair labor practices have been committed, the court's fashioning of those remedies typically framed by the Board in an unfair labor practice proceeding is "just and proper," even though a final decision by the Board is pending. Although a court does not have an "absolute duty" to confer such far-reaching relief, Hecht v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587, 591, 88 L.Ed. 754 (1944), "legislative provisions calling for equitable relief to prevent violations of a statute require the courts to act in accordance with traditional equity practice, 'as conditioned by the necessities of public interest which Congress has sought to protect.' " Seeler, supra, 517 F.2d at 39-40, citing Hecht Co. v. Bowles, supra, 321 U.S. at 329-30, 64 S.Ct. at 591-92; cf. Danielson v. Joint Board of Coat, Suit and Allied Garment Workers Union, 494 F.2d 1230, 1240-41 (2d Cir. 1974) (holding the criteria for equitable relief articulated in Hecht applicable to § 10(j)).
 
 
 5
 Finally, since the Regional Director's petition for temporary relief is affirmed, the League's motion for a stay of the injunction pending appeal is denied.
 
 
 
 *
 Of the Eastern District of New York, sitting by designation
 
 
 [1]
 North American Soccer League v. N.L.R.B., 613 F.2d 1379 (5th Cir. 1980), cert. denied, --- U.S. ---, 101 S.Ct. 267, --- L.Ed.2d --- (1980)